All right then we'll move to the next matter on calendar which is our Martine Leon-Briviesca versus Jeffrey Rosen case number 17-73108. Each side has 10 minutes so I guess originally so I guess you were going to be Sarah Byram on the first one but now you're Eric you're you're still going to be again Erica Miles I guess so we have you on the first two. Actually that was the last one I was a substitute for Sarah Byram. You're going to be yourself on both of them. I'm myself on this one too. Okay well welcome back you look familiar. All right so we'll start with do we say is it Mr. Berkey? The secondee is silent. Okay so Mr. Burke. Thank you. Okay good good morning welcome. You can proceed. Thank you. Good morning your honors and may it please the court Robert Burke b-e-r-k-e secondee silent for the respondent Martine I'm sorry for the petitioner Martine Leon-Briviesca. Your honors even though my brief goes a little bit of a different direction than what we just heard and I think he argued those issues great I'd like to adopt them. I think that my position on this case actually gives the court the opportunity to adopt SORM and still find that 273 a sub a is not a categorical match and it has to do with the fact that SORM doesn't change does not change the board's definition which still requires that there be intentionality knowingness like this criminal negligence in the act that constitutes maltreatment of the child. So what we have when we're looking at the California statute and you take out all the words and just boil it down to prong to what it says is any person who under circumstances or conditions likely to produce great bodily harm or death and your honor I apologize from this for this from the bottom of my heart I neglected to ask if I could reserve two minutes. Oh sure now you don't have to go to the bottom of your heart on that that's somewhere in the middle but but so if we read that you know with all the you know orders taken out of it what we have with prompt to is any person who under circumstances or conditions likely to produce great bodily harm or death inflicts thereon with the parentheticals that noted in I believe the sergeant case inflicts thereon meaning the child unjustifiable physical pain or mental suffering shall be punished. So if we look at that clause one under circumstances or conditions likely to produce great bodily harm or death that's a factual that's not a knowledge that's not an intent that's not a scienter that's not knowing the circumstances it's just actually your case is different in the sense that something actually happened to the minor in yours correct. I mean it's it's not it's not a situation where nothing happened in the as in the other situation where luckily the kids weren't killed when the father was drunk driving but here's something actually happened. I something happened yes now I'm not arguing and I'm not going to stand here and argue but I'm also not conceding the point this was a 17 year old you know person I don't think it has anything to do with anything my case differs because there is an actual physical contact absolutely and for purposes of this argument I concede the point but again yes here we do have that prong too not that it matters because we're dealing with a categorical approach but here we do have this prong too that says when it's direct infliction there's no place in this statute where anything rising to intentional knowing reckless or criminal negligent actor omission comes up so what we have is we have a general intent now yes there's the case there's the Valdez case and I did hear you know counsel for the government mentioned it in the prior argument but the Valdez case is talking about those prongs that have willful and I could even highlight something as she was saying it on Valdez where it says you know sergeant expressly left open the question of the appropriate men's repair for indirect infliction of harm on the child but it actually you know within Valdez it says we're not reversing sergeant we're not changing our mind about sergeant so but how does that well so how does the mens rea required by california penal code 273 aa differ from that required in the common law and federal definitions of criminal negligence so how does it differ because it explicitly doesn't require criminal negligence right so criminal negligence requires some at least subjective appreciation of some kind of an object you know some kind of a risk that's going on in fact a sergeant really beautifully talks about uh exactly what the state of california thinks of criminal negligence and i'm going to quote and i love this i don't have to argue i can quote criminal negligence is aggravated culpable gross or reckless that is such a departure from what would be the conduct of an ordinary prudent or careful person under the same circumstances as to be incompatible with that's criminal negligence i love and i honestly you know it's my you know i i don't remember which of the cases but it involved the dad throwing the baby up in the air and the allegation oh he was shaking baby symptom and you know he's saying no i was playing with the kid i threw him up in the air you know but in in the bottom line you know that's a that's a direct infliction the question comes down to or would have come down to did he have you know some sense that wow this is some kind of a dangerous activity that i'm doing and the court says you know what doesn't doesn't matter that absolutely doesn't matter a jury can find as a matter of fact whether he knew or not that this is uh that this is a um a circumstance that could produce no great bodily harm and injury was inflicted let me ask you i want to take you to another area b so you can time for rebuttal but i think that um with the the appellee in this case asserts that leon groveska did not raise his void for vagueness argument before the bia and therefore may not raise it before us is this true that he did not raise his void for vagueness argument before the why isn't he barred from raising it in the ninth circuit so a couple of answers to that the void for vagueness argument obviously you know we're asserting it didn't come up until we had the maya obviously we're you know we're challenging you know this statute and you know if we look at it from a perspective of the only reason we're here with three different briefs in three different cases is because congress passed a law that literally makes no no sense from an objective level it needs all of this input from all of these places so i think as a general level it's preserved but again we felt you know the maya kind of changed it it was impossible to raise it before the maya came out that having been said uh your honor um and i'm kind of loathe to admit it because it's not necessarily you know procedurally uh a way that i um i love that we took after the did a suespanti what it's worth with the new regulation now we did a suespanti motion to reopen to raise the issue it's actually still pending but we know where it's going so i would say you know that as a general concept you know as a general proposition the government was at least on notice that we thought there was a an issue with the clarity of this particular statute they're trying to enforce that notwithstanding it would have been impossible to raise it below because it didn't become ripe until the maya and then as a third thing we're kind of trying to raise it now which may be self-defeating of the first two arguments that i all right so you're at basically at two minutes do you want to reserve i do your honor okay thank you all right miss miles good morning again your honors i'm erica miles for the united states attorney general um to to first address the question about um council's argument that this statute does not meet the board's definition because a mens rea of general intent which you know falls under that second prong of the 273a a statute about um inflicting there on unjustifiable harm um that that is a general intent to commit the offense so there is a mens rea in fact uh the sergeant case made that held that in that case and then it was repeated by the supreme court in valdez that for direct acts falling under this prong there is a general intent and that intent is to commit the the board's definitions mens rea is tethered only to the act or omission it is not tethered to the circumstances or the resultant maltreatment it is not tethered to the child element it it the the mens rea that are outlined um intentional knowing reckless criminal negligence are modifying only after omission and this is this is borne out in matter of sorum when at the end of that decision the court the board concludes that uh that the colorado statute meets its definition it says because it requires it meets the mens rea it and as to the act and there is a juvenile juvenile status of the child showing that that the mens rea is tethered to the act and then you have the status of the child and then you had the likelihood of harm in that case um to the child which is which met the maltreatment prong or the impairment prong so this is separate so under counsel's argument i agree the general intent and it is borne out by california supreme that general intent is an intent to do the act that then ends up harming the child creating that unjustifiable um pain or suffering to a child and additionally then you have a separate element that that infliction that intent to do the act that is infliction of harm is done under circumstances likely to cause great bodily injury or death of a child so you have a mens rea with an intent to do an act and then you have the maltreatment being that that act friction of suffering under circumstances likely to cause great bodily injury or harm it falls squarely within the board's definition the mens rea requirement under the board's definition requires nothing more than a mens rea as to the act or omission you remind me yes oh go ahead i just have a quick question have we held that this subsection a offense have we held whether it's divisible or not no because i believe in front of this court it's come up um again as as whether or not it categorically matches um because every every conduct on the board is repeatedly said this repeatedly that all conduct and all um mens rea under this statute meet the board's definition so there's never been a divisibility challenge that i'm aware of much less reached let me ask you this is there anything okay this is factually uh obviously the facts are different in this case and it's a completely different situation where uh you've got a pastor um a parishioner um is there anything about the facts in this case that change your argument or are you making the same argument on this case as the last case i'm making the same argument because we as this court well knows are in the universe of categorically matching the statute of conviction not conduct not what happened in any given case what is the statute of conviction 27 aa what is the board's definition and you are confined to matching those elements and nothing more so really from your perspective the facts don't matter here the facts cannot matter under supreme court law i would like them to but they don't unfortunately and i i fully admit that um what about um but the void for vagueness argument that can you respond to that yes um responses it has no place before this court where we where the case law has unfolded and my reason for saying that is because he does not say that the statutory term is vague he does not say that the term a crime of child abuse child neglect or child abandonment is vague he instead this this court has determined that that is ambiguous every court even the tenth that doesn't defer the tenth has said it's ambiguous and they've moved on to chevron step two every court agrees we're under chevron step two and the analysis is for reasonableness there is no place for avoid for vagueness challenge under chevron step two and this court said it in its en banc decision and morales is is it it's morales and it repeated in valencia valenzuela gallardo it first said it in morales is cadero pardon me i had to look for the full name chevron there are no void for vagueness challenges when you're in chevron step two primarily that's my argument but secondarily what he's taking issue with is the board giving meaning to a very narrow standard um after interpreting this statute and narrowing in and narrowing it from abuse neglect abandonment giving very explicit examples of that it must be maltreatment impairment what types are maltreatment impairment including all of these sexual offenses and exploitation then the board also said part of maltreatment a subset of maltreatment includes endangerment type offenses but only if there's a sufficiently high risk of harm that but only that very very very narrow standard that the board said for endangerment types offenses is what council is trying to now say is void for vagueness and this is the opposite of vagueness what the board has been doing with the statutory term time and again you know the the board has been has been has narrowed it was very verbose in its first decision about what is child abuse neglect and abandonment and then it it provided even more guidance uh and authority and for for an ordinary person to understand what could possibly get them removed for an offense called child abuse child neglect or child abandonment an ordinary person is on notice that harm that crimes involving children that harm or might harm them could possibly get them removed are you saying that um he's wrong on the void for vagueness but he hasn't waived it wasn't waived uh he did not raise it below he so i guess the argument was technically an exhaustion argument um because he raised it here um he should have raised it below and he actually did like he said through his motion to reopen but ultimately at the end of the day it is a constitutional question um invoking your its authority to decide those issues so it if it properly raised and if this court's precedent allows for it then it could be raised before this court for the first time but for the reasons i said about precedent foreclosing it given that we are squarely within chevron step two i say that precedent forecloses the argument because it is very clear that this is not you know not a vague term it's ambiguous so under chevron step two you analyze what the board has done and whether or not it's reasonable and this court has already deferred to that definition as being reasonable and should continue to do so is there a reason just questioning in terms of because cedillo that decision was vacated is there a reason to publish on any of these cases or are in from your perspective do you believe these cases just rely on night circuit precedent even though cedillo was vacated i think it depends on how the court wants to decide these cases um the next case is an interesting case because it involves a sexual nature um offense specifically that statute and there's a different rub there but i we definitely think that we would benefit from having a published decision back on the books about um whether or not element of injury is required because we see these challenges over and over we have so many briefs before the court right now trying to dispel the notion that an additional element of proof of actual injury is required because that's how petitioners council keeps reading the forgoes oh decision so it would be helpful um to have precedent saying that the board is reasonable and not requiring proof of actual injury and that the board is reasonable in interpreting the statutory term of abuse neglect abandonment as including some endangerment endangerment type offenses uh where the risk of harm to a child is sufficiently high all right thank you um do either of my colleagues have any questions no all right mr burke we're back to you for your rebuttal um for the first time in my life your honor i don't think i'm gonna need all two minutes um i almost feel like i agree with everything the government attorney said that it requires a mens rea for the act or omission and we know what mens rea is required because it's right there in falazquez hernandez and it ain't in the california statute at least as relates to prong two so uh with that i submit i would thank uh council for the uh affiliate uh for pointing out that yes it's the vagueness argument is a constitutional one and uh the uh the board might not have an um you know uh the uh the expertise on that anyway uh but those two those two points having been made on my part um i'm prepared to submit thank you my colleague who's following unless either do either my colleagues have any questions i don't appear to so thank you both for your argument in this matter this case will stand submitted thank you thank you
judges: Callahan, Watford, Rakoff